**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| **JOSEPH ALBERT MAYBRICK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIAL SECURITY ADMINISTRATION, FEDERAL GOVERNMENT OF THE UNITED STATES and FEDERAL RESERVE SYSTEM**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:14-cv-00689**<br><br>**United States District Court Judge Robert Shelby**<br><br>**Magistrate Judge Dustin Pead** |

On September 25, 2014, this matter was referred to Magistrate Judge Dustin Pead by District Judge Robert Shelby pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 6). On that same day, this court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 (doc. 2).

Currently pending is Plaintiff Joseph Maybrick's ("Mr. Maybrick): (1) "Motion To Have The Attached Document Considered Early" (doc. 5); (2) "Motion For Appointment of Counsel" (doc. 6); (3) "Motion For Service Of Process" (doc.7); and (4) "Motion To Have A Court Attorney Withdrawn" (doc. 8).[1]

---

[1] Additionally, on October 9, 2014, Mr. Maybrick sent an email to the federal court technical support office indicating that he would like to cancel his request for a court appointed attorney. Although the court does not address legal issues or motions raised through email, it notes that Mr. Maybrick's request to "cancel" his court appointed attorney is also encompassed in his formally filed "Motion To Have A Court Attorney Withdrawn" (doc. 8).

Upon consideration, the court now issues the following recommendation to the District Court.

**BACKGROUND**

On July 10, 2013, Mr. Maybrick filed a complaint ("2013 complaint"), pursuant to 42 U.S.C. §1983, asserting three causes of action against Defendants: (1) "failure to provide sufficient income" against Defendant Social Security Administration ("SSA"); (2) "failure to provide sufficient income" against Defendant the United States Government; and (3) "exacerbating government financial incompetence" against Defendant the Federal Reserve. *See* case number, 2:13-cv-00508-TS (doc. 4).

In conjunction with his first claim, Mr. Maybrick sought a "permanent injunction" requiring the SSA to provide poverty level income to all social security and disability recipients *Id*. Mr. Maybrick's second claim complained of the United States Government's failure to address the SSA's underpayment of social security and disability benefits. Finally, Mr. Maybrick's third claim challenged the Federal Reserve's handling of the nation debt and its failure to pay back "money owed". *Id.*

On November 6, 2013, this court issued a report and recommendation to the District Court recommending the dismissal of Mr. Maybrick's 2013 complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) (doc. 9). On December 13, 2013, District Court Judge Ted Stewart adopted the court's report and recommendation and dismissed Mr. Maybrick's complaint in its entirety (doc. 11).

On September 25, 2014, Mr. Maybrick filed his currently pending complaint, pursuant to 42 U.S.C. §1983, against Defendants the Social Security Administration, the Federal Government of the United States and the Federal Reserve System (collectively, "Defendants")

asserting three causes of action: (1) "failure to provide sufficient income" against the SSA; (2) "failure to supply sufficient income" against the United States Government; and (3) "exacerbating government financial incompetence" against the Federal Reserve (doc. 3).

**STANDARD OF REVIEW**

Mr. Maybrick proceeds *in forma pauperis,* pursuant to 28 U.S.C. §1915, without the prepayment of fees (doc. 2).[2] Section 1915(e) provides that a court shall "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The court applies "the same standard of review for dismissals under §1915(e)(2)(B)(ii) that [it] employ[s] for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay v. Bemis,* 500 F.33d 1214, 1217 (10th Cir. 2007) (citing *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it "appears beyond a doubt that a plaintiff cannot prove any set of facts entitling [plaintiff] to relief." *Gonzales v. City of Castle Rock,* 366 F.3d 1093, 1096 (10th Cir. 2004), *rev'd* on other grounds, 125 S. Ct. 2796 (2005); *see also Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002).

**ANALYSIS**

A review of Mr. Maybrick's pending complaint reveals that it is identical to his 2013 complaint that was dismissed by Judge Stewart on December 13, 2013, for failure to state a

---

[2]Mr. Maybrick also proceeds as a pro se litigant and therefore his complaint should be construed liberally. *Gaines v. Stenseng,* 292 F.3d 1222, 1224 (10th Cir. 2002). The court, however, "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

claim. As a result, the court concludes that the doctrine of *res judicata* applies and requires the dismissal of Mr. Maybrick's current causes of action.

**1. Res Judicata**

"In Utah, *res judicata* may apply as the result of either claim preclusion or issue preclusion." *Fundamentalist Church of Jesus Christ of Latter Day Saints v. Horne,* 698 F.3d 1295, 1301 (10th Cir. 2012). In general, "claim preclusion corresponds to causes of action [;] issue preclusion corresponds to the facts and issues underlying causes of action." *Oman v. Davis Sch. Dist.,* 2008 UT 70, P 31, 194 P.3d 956. The doctrine of claim preclusion is "premised on the principle that a controversy should be adjudicated only once." *Mack v. Utah State Dep't of Commerce, Div. Of Sec.,* 221 P.3d 194, 203 (Utah 2009) (quoting *Nebeker v. State Tax Comm'n*, 34 P.3d 180, 186 (Utah 2001)). Utah courts apply a three part test to determine whether the doctrine precludes a claim from re-litigation:

> First, both [suits] must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised it the first action [because it arose from the same transaction or operative facts]. Third, the first suit must have resulted in a final judgment on the merits.

*Horne,* 698 F.3d at 1301 (quoting *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 289 P.3d 502, 506 (Utah Oct.2, 2012) (alterations in original) (quoting Mack, 221 P.3d at 203))).

Each of these elements are present here. First, as set forth above, both actions involve the same parties---Mr. Maybrick, the SSA, the United States Government and the Federal Reserve. Second, the claims alleged by Mr. Maybrick are word-for-word identical to those claims raised in his 2013 complaint. While Mr. Maybrick acknowledges the similarities between his actions, he

explains that what he "would like the court to try and understand this time around is that the Social Security processes themselves are not at issue in my suit and are only relevant to it when they may be considered, by court/jury to be contradictory to USC 42-1352-12 in helping recipients 'attain self support.'" (doc. 3, p. 4). Despite this clarification, Mr. Maybrick's causes of action as set forth in his current complaint are identical to the causes of action set forth in his 2013 complaint and therefore the second element of claim preclusion applies.

Finally, the third element is met since Mr. Maybrick's original complaint was dismissed by Judge Stewart for failure to state a claim upon which relief can be granted. "'A motion to dismiss for failure to state a claim upon which relief can be granted . . . [is a] dismissal. . . on the merits and is accorded res judicata effect.' " *Fed. Deposit Ins. Corp. v. Paul,* 735 F. Supp. 375, 380 (D. Utah 1990) (alteration in original) (quoting 2A James Wm. Moore et al., Moore's Federal Practice § 12.07 (2d ed. Supp. 1987))).

Based upon the foregoing, the court concludes that the doctrine of *res judicata* applies and requires dismissal of Mr. Maybrick's complaint. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

## RECOMMENDATION

For the reasons now stated herein, the court RECOMMENDS to the District Court that:

1. Mr. Maybrick's complaint be dismiss under the doctrine of *res judicata.*

In light of the recommended dismissal, the court additionally recommends that:

2. Mr. Maybrick's "Motion To Have Attached Document Considered Early" (doc. 5), "Motion To Appoint Counsel" (doc. 6), "Motion For Service of Process" (doc. 7) and "Motion To Have Court Attorney Withdrawn" (doc. 8) be deemed moot.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific wri6tten objections to the proposed findings and recommendation). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 19th day of November, 2014.

Dustin Pead
U.S. Federal Magistrate Judge