UNITED STATES DISTRICT COURT

DISTRICT OF UTAH- CENTRAL DIVISION

| | |
|---|---|
| JOSEPH ALBERT MAYBRICK,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, FEDERAL GOVERNMENT OF THE UNITED STATES, and FEDERAL RESERVE SYSTEM,<br><br>Defendants. | **ORDER OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING REPORT & RECOMMENDATION**<br><br>Case No. 2:14-cv-00689<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin R. Pead |

Plaintiff Joseph Albert Maybrick filed this action to seek increased benefits to recipients of Social Security Disability Income assistance, including himself.  This case was referred to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B).  (Dkt. 4.)  On November 19, 2014, Judge Pead issued a Report & Recommendation (Dkt. 9) in which he recommended dismissal of Mr. Maybrick's Complaint.  Judge Pead concluded that Mr. Maybrick's claims are barred under *res judicata* principles because Mr. Maybrick's nearly identical Complaint filed in a prior suit was dismissed on the merits.  *See* Case No. 2:13-cv-00508-TS.  Judge Pead further recommended that Mr. Maybrick's other Motions—"Motion to have Attached Document Considered Early" (Dkt. 5), "Motion to Appoint Counsel" (Dkt. 6), "Motion for Service of Process" (Dkt. 7), and "Motion to have Court Attorney Withdrawn" (Dkt. 8)—be denied as moot.

Mr. Maybrick timely objected to the Report & Recommendation on November 25, 2014. (Dkt. 10.)  Mr. Maybrick also filed two additional Motions, styled "Motion for Request of More Information" (Dkt. 11) and "Motion for Further Work Product to be Considered within Case" (Dkt. 12).  The court has considered these submissions in evaluating Mr. Maybrick's objection.

As discussed below, the court overrules Mr. Maybrick's objection, adopts Judge Pead's Report & Recommendation, and dismisses Mr. Maybrick's Complaint.

**Background**

Mr. Maybrick is proceeding in this case *in forma pauperis*. (Dkt. 2.) He filed his Complaint on September 25, 2014, asserting three causes of action pursuant to 42 U.S.C. § 1983: 1) for "failure to provide sufficient income" against Defendant Social Security Administration; 2) for "failure to supply sufficient income" against Defendant the United States Government; and 3) for "exacerbating government financial incompetence" against Defendant the Federal Reserve. (*Id*.) Mr. Maybrick appears to assert these claims both individually and "all recipients of [Social Security Disability Income] . . . ." (Dkt. 3 at 6.)

In 2013, Mr. Maybrick filed a nearly identical Complaint in this court asserting the same claims against the same Defendants. (Case No. 2:13-cv-00508-TS at Dkt. 4.)[1] Judge Ted Stewart dismissed that Complaint on December 13, 2013, adopting a Report & Recommendation prepared by Judge Pead. (*Id.* at Dkt. 11.) Judge Stewart concluded that Mr. Maybrick's purported class action claims failed because Mr. Maybrick cannot act as a class representative while appearing as a pro se litigant. Judge Stewart further concluded that Mr. Maybrick's § 1983 causes of action failed because their purported grounds –the preamble to the United States Constitution, the Declaration of Independence, and the Utah Constitution—were insufficient. Finally, Judge Stewart concluded that Mr. Maybrick's Complaint failed to allege a requisite deprivation of rights. Mr. Maybrick did not appeal Judge Stewart's dismissal.

---

[1] The three causes of action set forth in both of Mr. Maybrick's Complaints are identical. Mr. Maybrick's Complaint in this case appears to be a copy of the Complaint he filed in the 2013 action, but with an additional preamble describing the nature of the case. In this preamble, Mr. Maybrick states that this case "is related to [the 2013 case]," which Mr. Maybrick notes was dismissed.

**Discussion**

Under Rule 72(b)(2) and (3), Federal Rules of Civil Procedure, this court reviews de novo the parts of Judge Pead's Report & Recommendation to which Mr. Maybrick has filed a timely, specific objection.  Mr. Maybrick's objection is timely.  In it, however, he does not specifically object to or discuss the *res judicata* doctrine upon which Judge Pead based his dismissal recommendation.  Mr. Maybrick instead focuses on the merits of the substance of his Complaint, arguing he has stated a claim for relief for "being due an increase in income because said income is substandard according to national guidelines, and there is no practical or otherwise reliable way to go about increasing this income outside of a civil complaint."  (Dkt. 10 at 1.)  In Motions Mr. Maybrick filed subsequent to his objection (Dkts. 11 and 12), he similarly focuses on the issue of whether he has stated a claim for relief in his current Complaint.  He argues that he has established such a claim "in this and the related original case 2:13-cv-00508," because the Social Security benefit levels are impermissibly low under federal statutes and thus amount to civil rights violations.  (Dkt. 12.)

Mr. Maybrick thus makes no objection specifically to Judge Pead's reliance on *res judicata* principles as the basis for recommending dismissal.  But even if he had, this court's careful de novo review of the entire record under applicable legal principles leads the court to conclude that Judge Pead's Report & Recommendation is correct and should be adopted.  Under Utah law, *res judicata* principles preclude relitigation of claims previously asserted when three factors are present: 1) both suits involve the same parties or their privies; 2) the claim allegedly barred was actually presented or could and should have been raised in the first suit; and 3) the first suit resulted in a final judgement on the merits.  *Fundamentalist Church of Jesus Christ of Latter Day Saints v. Horne,* 698 F.3d 1295, 1301 (10th Cir. 2012) (citing *Fundamentalist Church*

*of Jesus Christ of Latter Day Saints v. Horne,* 289 P.3d 502, 506 (Utah Oct. 2, 2012) (other citations omitted)). Judge Pead correctly concluded that each factor is present in this case and that Plaintiff's claims are therefore barred. Notably, Mr. Maybrick does not argue that Judge Pead's conclusions are incorrect.

First, Mr. Maybrick filed his 2013 suit and this suit against the very same Defendants—Social Security Administration, Federal Government of the United States, and Federal Reserve System. Second, although Mr. Maybrick's Complaint in this case includes a further explanation of the nature of the case, the causes of action asserted here are identical to those asserted in the 2013 suit. Finally, the 2013 suit was dismissed on the merits when Judge Stewart adopted Judge Pead's recommendation that the suit should be dismissed on the grounds that it failed to state a claim upon which relief may be granted. Mr. Maybrick did not appeal that dismissal.

For these reasons, the court concludes that Judge Pead's Report & Recommendation that Plaintiff's Complaint be dismissed is legally correct, and should be adopted. Accordingly, the court hereby DISMISSES Mr. Maybrick's Complaint. The Clerk of Court is directed to close this case.

SO ORDERED this <u>30th</u> day of <u>March</u>, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge